UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/5/07
```

--------------------------------------------------------------

DANIEL ZUCKER, ZALMAN
ANDERSON, YS TRUST, SHOSHANA
TRUST, 731 895 866 LLC, PENSION
SOLUTIONS, ANNA MEISHER
PENSION PLAN, LAWRENCE CLARKE
AND CHARLES SALTZ,

               Plaintiffs,

               against

BIG LAKE SERVICES COMPANY,
LLC, and BIG LAKE MANAGEMENT
LLC

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER TO SHOW
CAUSE FOR A
PRELIMINARY
INJUNCTION AND
TEMPORARY
RESTRAINING
ORDER**

--------------------------------------------------------------x

      Upon the affidavit of Raphael Grossman sworn to this fourth day of September,

2007, and upon the copy of the Complaint annexed hereto, it is ORDERED that the

above named defendants show cause before a motion term of this Court, at Room 22.60

United States District Court for the Southern District of New York, 500 Pearl Street, New

York, New York on September 12, 2007 at 2:30 p.m. o'clock, or as soon thereafter as

counsel may be heard, why an order should not be issued pursuant to Rule 65 of the

Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this

action from completing the management buyout and/or dissolution of Defendant Big

Lake Services Company, LLC or taking any action to financially harm the company

including enticing employees away in order to establish a competing company ;

      and it is further ORDERED, that sufficient reason having been shown, therefore,

pending the hearing Plaintiffs' application for a preliminary injunction, pursuant to

Federal Rules of Civil Procedure Rule 65 the Defendants are temporarily restrained and

enjoined from completing the management buyout and/or dissolution of Defendant Big

Lake Services Company, LLC;

*security in the amount of $ _____ with be posted by*

and it is further ORDERED that service by Facsimile of the present Order and

annexed affidavit and Complaint upon the registered agent of Defendants by September

6 , 2007 at 3 *in the afternoon* o'clock be deemed good and sufficient service thereof.

Dated: September 4, 2007
       New York, New York

Issued: _4:00 pm_____                    _____
                                            United States District Judge

PKC

*ORDERED Answering papers to be
served of and filed September 10 by 5pm.
Reply ____ ____ by 2pm September 12.*

*ORDERED movants memorandum
of law to be fax to Chambers by
September 6 at 3PM.*

PKC

2

## · JUDGE CASTEL

UNITED STATES DISTRICT COURT

Southern _____ District of ___ **07 CIV 7815**

DANIEL ZUCKER, ZALMAN
ANDERSON, YS TRUST,
SHOSHANA TRUST, 731 895 866, LLC,
PENSION SOLUTIONS, ANNA MEISHER
PENSION PLAN, LAWRENCE CLARKE
AND CHARLES SALTZ,
          Plaintiffs,

SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER:

BIG LAKE SERVICES COMPANY,
LLC, and BIG LAKE MANAGEMENT
LLC,
          Defendants

TO:
BIG LAKE SERVICES COMPANY, LLC  BIG LAKE MANAGEMENT, LLC
3707 S. Highway 349               3707 S. Highway 349
Midland, TX 79701               Midland, TX 79701

Registered Agent:               Registered Agent:
CORPORATION SERVICE CO.       CORPORATION SERVICE CO.
2711 Centerville Road, Suite 400    2711 Centerville Road, Suite 400
Wilmington, DE 19808           Wilmington, DE 19808

**YOU ARE HEREBY SUMMONED** and required to serve on Plaintiffs' Attorney:
Edward W. Miller
575 Lexington Avenue, Suite 2840
New York, New York 10022

An answer to the complaint which is served on you with this summons, within _____
days after service of this summons on you, exclusive of the day of service. If you fail to
do so, judgment by default will be taken against you for the relief demanded in the
complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

_____      SEP 0 4 2007
CLERK                        DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                     Date                                        *Signature of Server*


                                          _____
                                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| DANIEL ZUCKER, ZALMAN ANDERSON, YS TRUST, SHOSHANA TRUST, 731 895 866 LLC, PENSION SOLUTIONS, ANNA MEISHER PENSION PLAN, LAWRENCE CLARKE AND CHARLES SALTZ, ) ) ) ) ) ) ) | |
| | **COMPLAINT** |
| Plaintiffs, ) ) | |
| against ) ) | |
| | **JURY DEMAND** |
| BIG LAKE SERVICES COMPANY, LLC, and BIG LAKE MANAGEMENT LLC, ) ) ) ) | **ENDORSED HEREIN** |
| | |
| Defendants. ) | |

-----------------------------------------------------------x

### I. JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to Title 28 U.S.C. § 1332(a)(1) based on diversity. Plaintiff also invokes the pendent jurisdiction of the court.

2. Venue is proper in this district pursuant to Title 28 U.S.C. §391(a)(2) and because the events herein complained of took place in New York City.

3. Plaintiffs were physically located, at the time that the solicitations and sales that are the subject of this Complaint were made, in New York City and all of the subscription agreements governing the transactions herein described state that any disputes arising there-under shall be governed by New York with jurisdiction to be had by federal or state courts located in New York.

### II. PARTIES

4. Defendant Big Lakes Services Company LLC is a profitable and highly lucrative business involved in the rental and operation of oil rigs primarily in the State of Texas.

5. Plaintiffs Daniel Zucker, Zalman Anderson, YS Trust, Shoshana Trust, 731 895 866 LLC, Pension Solutions, Anna Meisher Pension Plan, Lawrence Clarke and Charles Saltz are all investors in Defendant Big Lake Services Company, LLC and were all residents of the State of New York at all times relevant to the present Complaint.

6. Defendants Big Lake Management, LLC and Big Lake Services Company, LLC, are Delaware corporations with primary business offices located in Texas.

7. At all times relevant to the present Complaint, Bruce Ransom was the general partner and manager of Defendants Big Lake Management, LLC and Big Lake Services Company, LLC and was clothed with apparent authority by Defendants Big Lake Management, LLC and Big Lake Services Company, LLC to conduct the transactions herein described.

8. At no time prior to the consummation of the transactions herein described did Defendant Big Lake Management, LLC inform the Big Lake Investors herein identified that General Manager Ransom was no longer their general partner and manager.

9. Defendant Big Lake Management, LLC was, at all times relevant to the present Complaint, the managing member of Defendant Big Lake Services Company, LLC.

### III. STATEMENT OF THE FACTS

#### The Initial Big Lake Investors

10. During 2006, General Manager of Big Lake Management, LLC, Bruce Ransom, sold units of Defendant Big Lake Services LLC for $10,000.00 per unit to the following persons and plaintiffs in the following quantities: (a) Plaintiff Zucker: 30 Units for $300,000.00; (b) Plaintiff Anderson: 10 Units for $100,000.00; (c) Plaintiff YS Trust: 20 Units for $200,000.00; (d) Mr. Jacob Deckelbaum: 10 Units for $100,000.00; and, (e) Mr. Azriel Horowitz: 5 Units for $50,000.00. (Collectively referred to as "The Initial Big Lake Investors," herein).

11. The subscription agreement issued with the above specified units provided that, "the parties hereto irrevocably consent to the jurisdiction of the courts of the state of New York and of any federal court located in such State in connection with any action or proceeding arising out of or relating to this agreement…"

12. As of January 1, 2007 Defendant Big Lake Services Company, LLC. was in need of additional investment monies.

#### The Second Group of Big Lake Investors

13. In January, 2007 General Manager Ransom approached Plaintiffs Shoshana Trust, 731 895 866 LLC, Pension Solutions and Anna Meisher Pension Plan (collectively referred to as "the Second Group of Big Lake Investors," herein), seeking to borrow monies for a short term loan for Lothian Cassidy, Inc.

2

14. In response to General Manager's solicitations, on January 5, 2007 Plaintiff Pension Solutions, Inc. gave to General Manager Ransom a check for $100,000 payable to Lothian Cassidy, LLC.

15. In response to General Manager Ransom's solicitations, on January 5, 2007 Plaintiff 731 895 866 LLC gave to General Manager Ransom a check for $100,000 payable to Lothian Cassidy, LLC

16. In response to General Manager Ransom's solicitations, on January 8, 2007 Plaintiff Shoshana Trust gave to General Manager Ransom a check for $200,000 payable to Lothian Cassidy, LLC.

17. The above described Shoshana Trust loan was personally guaranteed by General Manager Ransom with all his personal assets including any units in Big Lake Services, LLC, as evidenced by the written personal guarantee attached hereto as Exhibit A.

18. In response to General Manager Ransom's solicitations, on January 11, 2007 Plaintiff Anna Meisher Pension Plan, Anna Meisher Trustee gave to General Manager Ransom a check for $100,000 payable to Lothian Cassidy, LLC.

19. Upon information and belief, instead of depositing the checks into the account of Lothian Cassidy, Inc. and without authorization by Plaintiffs, General Manager Ransom instead utilized the Five Hundred Thousand dollars ($500,000.00) which he had collected from the Second Group of Big Lake Investors to purchase, for himself, Five Hundred Thousand dollars worth of units of Defendant Big Lake Services Company, LLC (ie. 50 units).

20. General Manager Ransom now claims to be entitled to the units he purchased with Plaintiffs' money, and is refusing to turn over the unit certificates to Plaintiffs.

21. Officers and employees of Defendant Big Lakes Services Company LLC besides General Manager Ransom participated in the above described fraud by facilitating and participating in the further transfer of the fifty units after General Manager Ransom had purchased the same with Plaintiffs' money.

22. The subscription agreement issued with the above specified units provided that, "the parties hereto irrevocably consent to the jurisdiction of the courts of the state of New York and of any federal court located in such State in connection with any action or proceeding arising out of or relating to this agreement..."

23. Upon information and belief, in order to put the above described fifty units of Defendant Big Lake Services Company, LLC beyond the reach of their rightful owners (ie. Plaintiffs), Defendant Big Lake Services Company facilitated the fraudulent transfer of the units to a number of fictitious parties and alter-egos of Defendant Big Lake Services Company, LLC's General Manager, Bruce Ransom.

3

24. Upon information and belief Defendant Big Lake Services Company exercised complete dominion and control over the above described units through the agency of Defendant Big Lake Services Company, LLC's General Partner and Manager, Bruce Ransom and otherwise.

25. Defendant Big Lake Management LLC General Partner and Manager Ransom's above described fraudulent representations to Plaintiffs and conversion of Plaintiffs' funds, were committed within the course of his employment and scope of his real and apparent agency by Defendants Big Lake Management, LLC and Big Lake Services Company, LLC.

26. Defendant Big Lakes Management, LLC General Partner and Manager Ransom made false representations for the purpose of defrauding Plaintiffs by representing to Plaintiffs that their money would be utilized as a short term loan to one entity when he in fact utilized it to invest for himself in another entity.

27. Plaintiffs reasonably relied upon the above described representations.

28. Defendants authorized General Partner and Manager Ransom to hold legal right to property which he ought not, in equity and good conscience, hold and enjoy.

### The Third Group of Big Lake Investors

29. After Defendant Big Lakes Management LLC general partner and manager Ransom had taken monies from the First and Second Group of Big Lake Investors, he represented to Plaintiffs Anderson, Saltz, Zucker, Clarke and Shoshana Trust (collectively referred to as the "Third Group of Big Lake Investors," herein) that Lothian Energy Corp. was the managing member of Defendant Big Lake Management, LLC which was the managing member of Defendant Big Lake Services LLC and offered to sell them, through Lothian Energy Corp., units in Defendant Big Lake Services LLC.

30. In response to General Manager Ransom's above described solicitations, Plaintiffs invested their monies as follows: (a) Plaintiff Clarke wired $100,000 to Lothian Energy Corp. on February 22, 2007; (b) Plaintiff Zucker gave to General Manager Ransom a check for $50,000 payable to Lothian Energy Corp. on January 24, 2007; (c) Plaintiff Anderson gave to General Manager Ransom checks in the amount of $50,000 payable to Lothian Energy Corp. and $40,000.00 payable to Business Capital Investments LLC, represented to be the ultimate successor to Big Lake Services Company, LLC; (d) Plaintiff Shoshana Trust gave General Manager Ransom a check in the amount of $100,000; and, (e) Plaintiff Saltz gave to General Manager Ransom a check in the amount of $100,000.00 payable to Lothian Energy Corp.

31. The subscription agreement issued with the above specified units provided that, "the parties hereto irrevocably consent to the jurisdiction of the courts of the state of New

4

York and of any federal court located in such State in connection with any action or proceeding arising out of or relating to this agreement…"

32. In each of the above detailed exchanges the subscription agreements indicated that the units would be issued by Defendant Big Lake Management, LLC on behalf of Defendant Big Lake Services Company, LLC.

33. In June, 2007, Big Lake Management, LLC's newly appointed manager, Casey Davidson, informed Plaintiffs Anderson, Saltz, Zucker, Clarke and Shoshana Trust that Defendant Big Lake Services Company, LLC had never received the money which these Plaintiffs had given to Defendant Ransom, the former general partner and manager of Defendant Big Lake Management, LLC.

34. Defendant Big Lake Services Company, LLC aided and abetted in the above described fraud and conversion perpetrated by General Partner and Manager of Defendant Big Lake Management, LLC Defendant Ransom, by helping him to cover up his fraud by retroactively authorizing General Manager Ransom's transfer of units he placed in the names of his nominees to some of the members of the Third Group of Big Lake Investors who never received the units they purchased.

35. At all times herein described Defendant Big Lake Management, LLC held General Manager Ransom out as its managing partner.

36. Defendant Big Lakes Management, LLC General Partner and Manager Ransom's above described fraudulent representations to Plaintiffs and conversion of Plaintiffs' funds were committed within the course of his employment and scope of his real and apparent agency by Defendants Big Lake Management, LLC and Big Lake Services Company LLC.

## Completion of the Fraud – The Management Buyout

37. The present management of Defendant Big Lake Services Company, LLC joined together with Defendant Bruce Ransom in a scheme to defraud all of the investor-Plaintiffs identified herein, through the vehicle of a management buyout of Defendant Big Lake Services Company, LLC ("the fraudulent management buyout," herein) through which the ill gotten monies which Plaintiffs were defrauded out of and which were then transferred to Defendant Big Lake Services Company, LLC. would now be transferred to the present and past management of Defendant Big Lake Services Company, LLC.

38. At the present time units of Defendant Big Lake Services, LLC are worth in excess of $25,000.00 per unit since in 2007 Defendant Big Lake Management, LLC sold the Third Group of Big Lake Investors units of Defendant Big Lake Services Company, LLC for the price of Twenty-Five Thousand dollars ($25,000.00) per unit and during the first half of 2007 the fair market value of units of Defendant Big Lake Services Company, LLC increased in value.

5

39. Under the terms of the fraudulent management buyout, the First and Third Group of Big Lake Investor-Plaintiffs' units would be redeemed at Twelve Thousand Five Hundred dollars ($12,500.00) per unit, which was and remains far less than their fair value as detailed above.

40. Under the terms of the fraudulent management buyout, the units belonging to the Third Group of Big Lake Investor-Plaintiffs' units would be redeemed for half the price these investors had paid for the units just months earlier.

41. Under the terms of the fraudulent management buyout, the Second Group of Big Lake Investor Plaintiffs would receive no compensation for their Five Hundred Thousand dollars ($500,000.00) which was transferred to the coffers of Defendant Big Lake Services Company, LLC as detailed above.

42. As part of the fraudulent effort to under-price and eliminate Plaintiffs' interests in Defendant Big Lake Services Company, LLC through the fraudulent management buy out, Defendant Big Lake Services Company, LLC permitted General Manager Ransom to participate in the unit holder vote on the proposed management buyout and to vote on behalf of the 50 units which he had obtained through the above described fraud perpetrated upon the Second Group of Big Lake Investors - Plaintiffs.

43. As further part of the fraudulent effort to secure a majority vote in favor of the management buyout, the Third Group of Big Lake Investors were not even provided the opportunity to participate in the vote, in which they would have voted against the management buyout at Twelve Thousand Five Hundred dollars ($12,500.00) per unit for which they had only recently paid Twenty Five Thousand dollars ($25,000.00) per unit.

44. Defendant Big Lake Services Company, LLC acting through its new General Manager, Casey Davidson, breached its duty of loyalty by threatening to destroy the profitability of Defendant Big Lake Services Company, LLC in the event that Plaintiffs voted against the proposed management take over and corporate dissolution, including a threat to leave the company and take its key employees with him and to then establish a competing company serving the same customer base.

45. In the days leading up to the vote on the proposed management buy out, former General Manager Ransom threatened a number of Plaintiffs that they would only see any of their money back if they voted in favor of the management buy out.

46. Due to the amount of fraud that had already been perpetrated upon Plaintiffs by Defendant Big Lake Services Company, LLC, Plaintiffs took the above described threats seriously and voted in favor of the buyout under duress.

47. As part of the above described scheme, the Big Lake Services Company, LLC unit holder vote resulted in the endorsement of a management buyout at Twelve Thousand

6

Five Hundred dollars ($12,500.00) per unit when the actual value was and is at least Twenty-Five Thousand dollars ($25,000.00) per unit.

48. If not restrained from doing so Defendant Big Lake Services Company, LLC management will complete their fraud upon Plaintiffs and dissolve the company so that Plaintiffs will be unable to collect any damages from the assets of the company or pursue any legal actions against it.

## FIRST COUNT
## DECLARATORY JUDGMENT – BREACH OF FIDUCIARY DUTY

49. The management of Defendant Big Lake Services Company, LLC owed its unit-holders a duty of loyalty, which required them at all times to serve the unit-holders' best interests, and not to place their own personal interests above those of the unit-holders.

50. The valuation of units at Twelve Thousand Five Hundred dollars ($12,500.00) per unit as part of a management buy out was facilitated, promoted and participated in by the management of Defendant Big Lake Services Company, LLC in breach of its duty of loyalty because it significantly misrepresented and undervalued the true worth of the units.

51. Defendant Big Lake Services Company, LLC breached its duty of loyalty because it facilitated, promoted and participated in coercive tactics and statements described herein which placed Plaintiffs in a position of duress wherein they reasonably believed that in order to preserve any of their invested funds they had to submit to Defendant Big Lake Services Company, LLC's management's desire to buy out their interests in the company.

52. The unit-holder vote in favor of a management buy-out was clouded by the improper voting of fifty units by former General Manager Bruce Ransom and the lack of opportunity to vote for the Second and Third Group of Big Lake Investors – Plaintiffs, who made up a majority of the rightful owners of the company.

53. Defendant Big Lake Services Company, LLC breached its duty of loyalty to its investors because it facilitated, promoted and participated in efforts to complete a management buyout of the company as a vehicle through which to complete the above described frauds perpetrated upon Plaintiffs.

54. As a result of the above described breach of fiduciary duty, Plaintiffs have been and will be damaged by losing their ownership interests in Defendant Big Lake Services Company, LLC for no consideration or a grossly inadequate price.

55. Plaintiffs have no adequate remedy at law.

56. The results of the above described unit holder vote were obtained by breach of fiduciary duty, fraud, intimidation and duress and should be set aside.

## SECOND COUNT
## FRAUD and CONVERSION

57. Having clothed General Manager Ransom with apparent authority to enter into the types of agreements described herein, Defendants Big Lake Services Company, LLC and Big Lake Management, LLC are equitably estopped from arguing that General Manager Ransom's herein described representations were outside of the scope of his employment or agency.

58. Big Lake Management, LLC and Big Lake Services LLC's above described false representations to the Plaintiffs comprising the Second Group of Big Lake Investors, upon which these Plaintiffs reasonably relied, were utilized to defraud these Plaintiffs of a total of Five Hundred Thousand dollars ($500,000.00) and constitute fraud and conversion.

## THIRD COUNT
## FRAUD and CONVERSION

59. Having clothed General Manager Ransom with apparent authority to enter into the types of agreements described herein, Defendants Big Lake Services Company, LLC and Big Lake Management, LLC are equitably estopped from arguing that General Manager Ransom's herein described representations were outside of the scope of his employment or agency.

60. Big Lake Management, LLC and Big Lake Services Company LLC's above described false representations to the Plaintiffs comprising the Third Group of Big Lake Investors, upon which these Plaintiffs reasonably relied, were utilized to defraud these Plaintiffs of a total of Four Hundred Forty Thousand dollars ($440,000.00) and constitute fraud and conversion.

**WHEREFORE,** plaintiff demands judgment as set forth below:

I. As to all Counts of the Complaint:

    (a)    an Order enjoining the dissolution of Defendant Big Lake Services Company, LLC;

    (b)    an Order setting aside the improper vote of unit-holders of Defendant Big Lake Services Company, LLC in favor of a management buy-out and valuation of units at Twelve Thousand Five Hundred dollars ($12,500.00) per unit;

8

    (c)    an Order enjoining the management of Defendant Big Lake Services Company, LLC from taking any action to financially harm the company including enticing away employees of the company in order to establish a competing company;

    (d)    an Order enjoining the management buy-out of Defendant Big Lake Services Company, LLC.

II. As to Count Two of the Complaint:

    (a)    an Order setting aside the fraudulent issuance and transfer of fifty units of Defendant Big Lake Services Company, LLC at the instructions of Bruce Ransom to any individual or entity;

    (b)    an Order declaring that Plaintiffs are the true and equitable owners of the above described units of Defendant Big Lake Services LLC, and ordering Defendants to transfer title to those units to Plaintiffs, as follows:

        a.  Plaintiff Pension Solutions, as owner of 10 units.

        b.  Plaintiff 731 895 866 LLC as owner of 10 units;

        c.  Plaintiff Shoshana Trust as owner of 20 units; and,

        d.  Plaintiff Anna Meisher Pension Plan as owner of 10 units.

    (c)    an Order enjoining Defendants from selling, transferring, pledging, or otherwise disposing of the above described units.

III. As to Count Three of the Complaint:

    (a)    an Order declaring that Plaintiffs are the true and equitable owners of units of Defendant Big Lake Services LLC as follows, and ordering Defendants to transfer title to those units to Plaintiffs, as follows:

        a.  Plaintiff Clarke as owner of 10 units;

        b.  Plaintiff Zucker as owner of 5 units;

        c.  Plaintiff Anderson as owner of 9 units;

        d.  Plaintiff Shoshana Trust as owner of 10 units; and,

        e.  Plaintiff Saltz as owner of 10 units.

IV.  As to Counts Two and Three of the Complaint:

      a.   punitive damages;

      b.   attorney fees; and,

      c.   all such other relief as this Court shall deem just and equitable.

## JURY DEMAND

Trial by jury is hereby demanded.

Dated: New York, New York
      September 4, 2007

EDWARD W. MILLER (8489)
Attorney for Plaintiffs
575 Lexington Avenue, Suite 2840
New York, New York  10022
(212) 758-1625

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| DANIEL ZUCKER, ZALMAN ANDERSON, YS TRUST, SHOSHANA TRUST, 731 895 866 LLC, PENSION SOLUTIONS, ANNA MEISHER PENSION PLAN, LAWRENCE CLARKE AND CHARLES SALTZ, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| against | ) ) |
| | ) **AFFIDAVIT** |
| BIG LAKE SERVICES COMPANY, LLC and BIG LAKE MANAGEMENT LLC | ) ) ) ) |
| Defendants. | ) |

-------------------------------------------------------------x

STATE OF NEW YORK    )
                     ) SS:
COUNTY OF NEW YORK  )

I, Raphael Grossman, being duly sworn deposes and says as follows:

1.      I am the principal of Plaintiff Pension Solutions and as a Plaintiff in this case respectfully move this Court to order Defendants to show cause why they should not be enjoined from completing a fraudulent management buyout and dissolution of Defendant Big Lake Services Company, LLC until a final deposition on the merits in the above captioned case.

2.      Unless this order is issued, the other Plaintiffs in this action and I will suffer immediate and irreparable injury, loss and damage in that:

(a)     The other Plaintiffs and I have invested a total of One Million Six Hundred and Ninety Thousand dollars ($1,690,000.00) in Defendant Big Lake Services Company, LLC and are therefore the rightful owners of a majority interest in that company;

(b)     Because hundreds of thousands of dollars of these monies were obtained through fraud, as detailed in the attached Complaint, the other Plaintiffs and I were by in large not permitted to cast ballots proportionately reflecting the amount of our investments in the recent

> vote on a proposed management buyout and corporate dissolution of
> Defendant Big Lake Services Company, LLC. Management claims
> that the results of the vote have authorized them to buy out unit holders
> and to dissolve Defendant Big Lake Services Company, LLC;

(c)     Had the other Plaintiffs and I been permitted to cast ballots in
proportion to our rightful ownership interests, as we rightfully should
have been, we would have voted against the management buyout and
corporate dissolution;

(d)     The vote was also tainted by threats, intimidation and coercion in the
form of threats of further fraud were Plaintiffs to oppose the
management buyout and corporate dissolution, all as detailed in the
attached Complaint;

(e)     Because hundreds of thousands of dollars of these monies were
obtained and invested in Defendant Big Lake Services Company, LLC,
through fraud, as detailed in the attached Complaint, should the
management buyout and corporate dissolution be completed, Plaintiffs
will not receive any return or compensation whatsoever for hundreds of
thousands of dollars of which Plaintiffs were defrauded and which
monies were then funneled into Defendant Big Lake Services
Company, LLC without issuance of any proof of Plaintiff's ownership
interests, as detailed in the attached Complaint;

(f)     The present management plans to complete the management buyout
and corporate dissolution within days;

(g)     If the management buyout and corporate dissolution are permitted to be
consummated, the same will effectively complete and render
irreversible the fraud and conversion of over a million dollars which
has been perpetrated upon Plaintiffs as detailed in the attached
Complaint.

3.      The other Plaintiffs and I have no adequate remedy at law.

4.      No prior request has been made for the relief requested herein.

WHEREFORE, I respectfully request that the Court grant the within relief as well
as such other and further relief that may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 4, 2007
     New York, New York

                                        RAPHAEL GROSSMAN

Sworn to before me this
4th day of September, 2007,

Notary Public
EVELYN DUBOV
NOTARY PUBLIC, State of New York
No. 01DU4996767
Qualified in Kings County
Commission Expires May 26, 1_ _ _ _

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DANIEL ZUCKER, ZALMAN                         )
ANDERSON, YS TRUST, SHOSHANA                  )
TRUST, 731 895 866 LLC, PENSION               )
SOLUTIONS, ANNA MEISHER                       )
PENSION PLAN, LAWRENCE CLARKE                 )
AND CHARLES SALTZ,                            )
                                              )
                    Plaintiffs,               )
                                              )
                    against                   )
                                              )        **AFFIDAVIT**
BIG LAKE SERVICES COMPANY,                     )
LLC and BIG LAKE MANAGEMENT                    )
LLC                                           )
                                              )
                    Defendants.               )
-------------------------------------------------------------------x

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF NEW YORK       )

    I, Raphael Grossman, being duly sworn deposes and says as follows:

    1.    I am the principal of Plaintiff Pension Solutions and am a Plaintiff
in this case.

    2.    At approximately10:45 a.m. on Tuesday, September 4, 2007, I
spoke to Lesley Warley at the law firm of DAVIS GERALD & CREMER,
Defendants' attorney on the telephone and advised them that an application would
be made today in the United States District Court for the Southern District of New
York, by Plaintiff for a temporary restraining order and an order directing
Defendants to show cause why they should not be preliminarily enjoined.

    3    At approximately 10:50 on Tuesday September 4, 2007, I also
spoke to Tammie Stephens, the Operations Controller for Defendants and advised
her that an application would be made today in the United States District Court
for the Southern District of New York, by Plaintiff for a temporary restraining
order and an order directing Defendants to show cause why they should not be
preliminarily enjoined.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 4, 2007
　　　　New York, New York

RAPHAEL GROSSMAN

Sworn to before me this
4th day of September, 2007,

Notary Public

EVELYN DUBOV
NOTARY PUBLIC, State of New York
No. 01DU4996767
Qualified in Kings County
Commission Expires May 26, 19...

2

## PERSONAL GUARANTEE

Bruce Ransom
Lothian Oil, Inc.
500 5th Avenue, Suite 2600
New York, New York
(212) 391-0055
Bruce@lothian.us

I, Bruce Ransom, hereby personally guarantee the investment principal of Robyn

Deutsch-Sokol as Trustee of the Shoshana Family Trust of $200,000 in Lothian Cassidy,

LLC, in the amount of $200,000 plus 6% annualized interest rate, with collateral of such

shares in Lothian Oil, Inc. stock (previously called United Heritage Corporation) owned

by me personally or by entities I directly or indirectly control or such additional number

of Lothian Oil shares as necessary to guarantee the principal investment of the Shoshana

Family Trut of $200,000 in Lothian Cassidy, LLC.


This guarantee will cease upon the repayment, through distributions of $200,000. The

guarantee will become effective should there be no distributions within the first eighteen

months (18). And at any point after eighteen months (18), I agree to pay in Lothian

shares or monies the remaining principal plus 6% interest less amounts of prior

distributions. and thus forfeiting any future distributions to Bruce
Ransom.

Bruce Ransom

January 8, 2007